UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PONCIANO AUSTRIA,

        Plaintiff,

        v.

C/O TOREY CASE *et al.*,

        Defendants,

Case No. C07-5279RBL

REPORT AND RECOMMENDATION

**NOTED FOR**:
**OCTOBER 26, 2007**

    This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court is defendant's motion to dismiss at the 12 (b)(1), 12 (b)(6), stage (Dkt # 24).

    In this action plaintiff alleges excessive force or as defendants state "misuse" of force by Correctional Officers Case, Grow, and Forrester (Dkt. # 24).  Plaintiff also alleges he was denied an interpreter at a disciplinary hearing stemming from the use of force incident (Dkt. # 5).  Defendant Thaut chaired the disciplinary hearing.  Also named as defendants are the State of Washington and the Washington State Attorney General, Rob McKenna (Dkt. # 5).

REPORT AND RECOMMENDATION
Page - 1

Plaintiff does not indicate what sanctions, if any, where imposed (Dkt. # 5).[1]

Defendants argue:

1. Eighth Amendment claims (use of force) must be dismissed for failure to exhaust administrative remedies.
2. Plaintiff's Fourteenth Amendment claims must be dismissed under the favorable termination doctrine.
3. Claims against the State of Washington must be dismissed as the State is not a person for purposes of 42 U.S.C. § 1983.
4. Claims against the Attorney General, Rob McKenna must be dismissed for lack of personal participation.
5. The court should not exercise supplemental jurisdiction over state tort claims.
6. The state tort claims are barred as plaintiff has not complied with Washington State law RCW 4.92.
7. Discovery should be stayed pending a ruling on this motion.

(Dkt. # 24, pages 2 and 3).

Plaintiff has not responded to the motion and the time for filing a response has passed. This matter is ripe for review.

## STANDARD OF REVIEW

A court should dismiss a claim under Fed.R.Civ.P. 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. <u>Keniston v. Roberts</u>, 717 F.2d 1295, 1300 (9th Cir. 1983), <u>citing</u>; <u>Conley v. Gibson</u>, 355 U.S. 41, 45-56 (1957). Dismissal for failure to state a claim may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. <u>Balistreri v. Pacifica Police Department</u>, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. <u>Keniston v. Roberts</u>, 717 F.2d 1295 (9th Cir. 1983).

## DISCUSSION

A. <u>Failure to exhaust administrative remedies, (Use of force claims)</u>.

On April 25, 2007, plaintiff filed a grievance which defendants believe may pertain to the alleged use of force in this case (Dkt. # 24, page 1); <u>see</u> <u>also</u> (Dkt. # 24, exhibit 1, declaration of Dennis Dahne). The grievance was sent back as it contained no specific facts and plaintiff was informed he would need to rewrite

---

[1] Plaintiff references exhibits in his complaint. He also references his *in forma pauperis* application and supporting memorandum in the compliant. The court has examined all the documents on file and there are no exhibits.

REPORT AND RECOMMENDATION
Page - 2

the grievance. Nothing more was submitted. The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Here, plaintiff filed this action while incarcerated and the act applies to him. The United States Supreme Court determined that Congress enacted the provision in order to reduce the quantity and improve the quality of prisoner suits. Porter v. Nussle, 534 U.S. 516 (2002). By mandating exhaustion, Congress enabled corrections officials to address prisoner complaints internally. Where exhaustion was once discretionary, it is now mandatory. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter v. Nussle, 534 U.S. 516 (2002) (quoting Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court ruled that "§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter, 534 U.S. at 520.

Here, plaintiff was told to rewrite a grievance regarding his allegations on the use of force incident. He did not do so. The defendants motion to dismiss this claim should be **GRANTED.** This would be **DISMISSAL WITHOUT PREJUDICE.**

      B.      <u>Favorable termination doctrine, (Due process at the disciplinary hearing)</u>.

The favorable termination doctrine is an attempt to define the boundary between Civil Rights Actions and Habeas Corpus proceedings. When a person is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Plaintiff alleges he was denied Due Process at a disciplinary hearing because an interpreter was not supplied. He does not allege loss of good time.

In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas**

**corpus.**" Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).

A disciplinary hearing where an inmate loses good time falls into the category of cases where a finding in plaintiff's favor would implicate the length of his sentence. Plaintiff does not indicate he lost good time as a result of the hearing Defendant Thaut chaired (Dkt. # 5). In fact, plaintiff provides no detail as to the hearing. Defendants assume loss of good time but do not place any hearing findings before the court (Dkt # 24).

The court cannot rule on the motion based on the record now before it. Defendant's motion to dismiss on this claim should be **DENIED.** This denial does not prevent the parties from raising this issue on a complete record at summary judgment.

  C. Claims against the State itself.

The Eleventh Amendment to the United States Constitution bars a person from suing a state in federal court without the state's consent. See Seminole Tribe of Florida v. Florida 116 S.Ct. 1114, 1131 (1996); Natural Resources Defense Council v. California Dep't of Transportation, 96 F.3d 420, 421 (9th Cir. 1996). Eleventh Amendment immunity is not automatically waived in actions brought under 42 U.S.C. § 1983. Quern v. Jordan, 440 U.S. 332 (1979). Washington has not waived the protection of the Eleventh Amendment. Edgar v. State, 92 Wn.2d 217 (1979). Defendant's motion to dismiss the State of Washington should be **GRANTED.** This would be **DISMISSAL WITH PREJUDICE**.

  D. Claims against the Attorney General, Rob McKenna.

The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts and omissions are alleged to have caused a constitutional violation. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the allegedly unconstitutional conduct. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 469 U.S. 845 (1984). Plaintiff must allege facts showing how an individually named defendant caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981).  A § 1983 suit cannot be based on vicarious liability or *respondeat superior* alone, but must allege the defendants' own conduct violated the plaintiff's civil rights. City of Canton v. Harris, 489 U.S. 378, 385-90 (1989).  A supervisor may be held liable only "if there exists either, (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between a supervisor's wrongful conduct and the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991), *cert. denied* 502 U.S. 1074 (1992).

Plaintiff has failed to show Defendant McKenna played any role in the events leading to this lawsuit.  Defendant's motion to dismiss this defendant should be **GRANTED.**  This would be **DISMISSAL WITH PREJUDICE.**

E.   State tort claims.

Defendants allege plaintiff has failed to follow the prerequisites of Washington State's tort claim act, RCW 4.92 (Dkt # 24).  Plaintiff has not responded.  Local Rule of Civil Procedure 7 (b) (2) states:

> Obligation of Opponent. Each party opposing the motion shall, within the time prescribed in CR7(d), file with the clerk, and serve on each party that has appeared in the action, a brief in opposition to the motion, together with any supporting material of the type described in subsection (1). **If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.**

The State of Washington has waived it's immunity and allows tort actions against the State to be maintained, but the party seeking to file such an action must first file a tort claim and follow the procedures set forth in RCW 4.92.100 and RCW 4.92.110.

The statutes require the filing of a tort claim and indicate that no action may be commenced against the state until sixty days after the filing of the claim. See, RCW 4.92.110.  Thus, plaintiff's state tort claims cannot be maintained at this time.

Defendants motion to dismiss the tort claims should be **GRANTED.**  This would be **DISMISSAL WITHOUT PREJUDICE.**

F.   Discovery.

Discovery may be needed on the single surviving claim regarding due process. The motion to stay discovery should be **DENIED**.

## CONCLUSION

All claims except the claim relating to due process at a disciplinary hearing should be dismissed as outlined above. The due process claim survives dismissal at the motion to dismiss stage of the proceedings. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 26, 2007,** as noted in the caption.

DATED this 2 day of October, 2007.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge