UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PONCIANO AUSTRIA,

        Plaintiff,

        v.

C/O TOREY CASE *et al.*,

        Defendants,

Case No. C07-5279RBL

REPORT AND RECOMMENDATION

**NOTED FOR**:
**January 11, 2008**

        This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Before the court is defendant's motion for summary judgment (Dkt # 29). Defendants previously moved to dismiss all claims. One claim, relating to due process at a disciplinary hearing, survived because there was no record showing the plaintiff has lost good time credits. Thus, it was not clear the favorable termination doctrine applied. Defendants have now provided the documentation to show that plaintiff lost thirty days of good time credit as a result of the April 13, 2007 incident that was at issue in this case. Plaintiff has not responded to defendants motion.

<u>STANDARD OF REVIEW</u>

        Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there

REPORT AND RECOMMENDATION
Page - 1

1 is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.
2 R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails
3 to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden
4 of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

5       There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational
6 trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,
7 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some
8 metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact
9 exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve
10 the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec.
11 Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

12       The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial,
13 e.g. the preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W. Elec. Service Inc.,
14 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party
15 only when the facts specifically attested by the party contradicts facts specifically attested by the moving party.
16 Id.

17       The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in
18 hopes that evidence can be developed at trial to support the claim. T.W. Elec. Service Inc., 809 F.2d at 630
19 (relying on Anderson, *supra*). Conclusory, nonspecific statements in affidavits are not sufficient, and "missing
20 facts" will not be "presumed." Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

21 DISCUSSION

22     Favorable termination doctrine.

23       The favorable termination doctrine is an attempt to define the boundary between Civil Rights Actions
24 and Habeas Corpus proceedings. When a person is challenging the very fact or duration of his physical
25 imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a
26 speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Preiser v.
27 Rodriguez, 411 U.S. 475, 500 (1973). Plaintiff alleges he was denied Due Process at a disciplinary hearing
28 because an interpreter was not supplied. He does not allege loss of good time. The defendants show

plaintiff lost thirty days of good time credits at this hearing (Dkt # 29, exhibit "J").

In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).

A disciplinary hearing where an inmate loses good time falls into the category of cases where a finding in plaintiff's favor would implicate the length of his sentence. Defendant's motion for summary judgment on this claim should be **GRANTED.** This would be **DISMISSAL WITHOUT PREJUDICE**.

## CONCLUSION

The only remaining claim should be **DISMISSED WITHOUT PREJUDICE**. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 11, 2008,** as noted in the caption.

DATED this 14 day of December, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3